8123

LIPMAN v. ATLANTIC COAST LINE R. R. CO.

1. RAILROADS—INTERSTATE RATES AND COMMISSION—JURISDICTION.—The State Courts are without jurisdiction to inquire whether the fare charged for the number of miles traveled in an interstate journey as fixed by the Interstate Railroad Commission is unreasonable or conflicts with State statutes fixing rates.
   *Blitch* v. *Ry.*, 87 S. C. 107, and *Hardaway* v. *Ry.*, 90 S. C. 475, *distinguished from this case.*

2. IBID.—PASSENGER—PUNITIVE DAMAGES.—Here it is held there was no ground for punitive damages for ejecting a passenger for refusal to pay the fare demanded.

Before PRINCE, J., Hampton, Winter term, 1911. Affirmed.

Action by S. P. Lipman against Atlantic Coast Line Railway Company. Plaintiff appeals.

*Messrs. W. B. deLoach* and *W. S. Tillinghast,* for appellant. *Mr. deLoach* cites: *Remedies provided by interstate commerce act are intended to supplement existing remedies:* 123 Fed. R. 789; 47 Fed. R. 772; 167 U. S. 447; 87 S. C. 107.

*Messrs. Simeon Hyde* and *Jas. W. Moore,* contra, cite: *Conductor was right in collecting rate fixed by Interstate Commerce Commission:* 87 S. C. 107; 204 U. S. 426. *State Court is without jurisdiction:* 43 La. 511; 83 S. W.

R. 362; 74 Fed. 981; 3 Wall. 713; 58 Fed. L. 858; 93 U. S. 130; 4 Wall. 425; Story on Con., secs. 436-447. *Rate filed and posted under interstate commerce act is only one in force:* 202 U. S. 242; 158 U. S. 98; 119 Ala. 539; 1 Tex. Civ. App. 553; 4 *Ibid.* 611; 5 *Ibid.* 50; 1 *Ibid.* 546; 20 *Ibid.* 498; 1 Supp. U. S. Stat. 529.

March 6, 1912. The opinion of the Court was delivered by

Mr. Chief Justice Gary. This is an action for actual and punitive damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant, in ejecting him from its train of cars, on account of his refusal to pay the amount of the fare, demanded for his passage.

The allegations of the complaint, material to the questions under consideration, are as follows:

"That on the 13th day of September, 1906, the plaintiff above named at Ridgeland, a station on defendant's road, in Hampton county, South Carolina, boarded one of defendant's passenger trains known as train No. 85, same going from Charleston, South Carolina, to Savannah, Georgia, with the intention and purpose of becoming a passenger upon said train, having the money with which to pay his fare thereon, and plaintiff did become such passenger, and as such passenger did offer and tender to the said defendant the fare in money, the sum of one dollar and five cents, being three cents per mile, the legal rate per mile as published by defendant for his passage and transportation (said tender and offer being made in Hampton county, S. C.), from the said station at Ridgeland to Savannah, Georgia, but the said defendant, at the said time and place, not only refused and declined to accept the lawful fare so offered and tendered by plaintiff, but in a rude and threatening manner demanded of plaintiff an

unlawful and excessive fare, to wit, the sum of one dollar and fifteen cents before it would transport him to his destination, which said unlawful fare this plaintiff refused to pay, and upon his refusal the defendant did wilfully, unlawfully, and intentionally and with force, eject the said plaintiff from the said train, at a place about two (2) miles from Ridgeland, in Hampton county, S. C., and there and then the conductor of the said train by the rough, rude, and angry manner, in which he ejected this plaintiff greatly humiliated plaintiff, and offensively insulted him while forcibly ejecting plaintiff from defendant's said passenger train."

The defendant denied the allegations of the complaint, and interposed the following defense:

"That at the time named in the complaint, the plaintiff offered himself as a passenger on one of defendant's trains for interstate passage and transportation, that is to say, from Ridgeland in Hampton county, South Carolina, to Savannah, Georgia, and that the amount of fare or passage money, fixed according to law by the Interstate Commerce Commission of the United States for said carriage and transportation, is the sum of one and 15-100 dollars ($1.15), and that this defendant was by law, entitled to charge such plaintiff for such carriage and transportation, the said sum of one and 15-100 dollars ($1.15)."

At the close of the testimony the defendant's attorney, made a motion for the direction of a verdict on the grounds stated in said defense, and upon the further ground that the testimony shows, that the ejection was made by the conductor, in the line of his duty, and without unnecessary force.

The motion was granted and the plaintiff appealed to this Court.

The pivotal question is, whether the rate fixed by the Interstate Commerce Commission, is applicable to this case.

The plaintiff testified as follows: "Now, Mr. Lipman, do you know, of your own knowledge, what the legal rate charged in Georgia was? At that time, three cents a mile, same as in South Carolina. Was there anything else that you know of, that you desire to state? I would like to state for the information of the Judge and jury, that the milepost is a quarter of a mile north of Ridgeland, saying to Savannah thirty-eight miles, where they charge for forty miles. The milepost at Central Junction is seven miles; from there we go to Union Station a distance of about four miles—still the distance we travel is not seven mile, as indicated by the milepost at Central Junction. That is the old milepost that was there, at the time when the Atlantic Coast Line ran into the old Bowling Street Station, but now they have changed from the old Bowling Street Station to the Union Street Station, which is a distance of about three and three-quarters of a mile, three or four miles. After you leave the Central Junction, there is only one more milepost there. That is the old route that they used to travel. When was it that they changed that route? They went into the Savannah Union Station on the first day of May, nineteen hundred and two. Was that by what they call the short route? That is the short route now."

The defendant's attorney introduced in evidence, the following certificate:

"Interstate Commerce Commission, Office of the Secretary, Washington.

"Edward A. Moseley, Secretary.

"I, Edward A. Moseley, secretary of the Interstate Commerce Commission, do hereby certify that the above sheet hereto attached, contains a true and correct extract from Atlantic Coast Line Railroad Company Local Passenger. Fares, 1 C. C. No. A-86, reading as effective July 1, 1904, in effect on September 13, 1906, filed with the said Interstate Commerce Commission on June 29, 1906.

"In witness whereof I have hereunto set my hand and affixed the seal of said commission this 28th day of June, A. D. 1909. (Signed) Edw. A. Moseley, Secretary of the Interstate Commerce Commission.

"Extract from Atlantic Coast Line Railroad Company Local Passenger Fares, 1 C. C. No. A-86. Page 71. Between Ridgeland, S. C., and Savannah, Ga., distance, 39.0; fare, 1st class, $1.15."

Prior to 1902, the distance between the stations at Ridgeland and Savannah was thirty-nine miles; but at that time, the station at Savannah was changed, thereby making the distance between Ridgeland and Savannah only thirty-four miles. Thereafter, to wit, on the 29th day of June, 1904, the Atlantic Coast Line Railroad Company, filed with the Interstate Commerce Commission, its rates for local passenger fares, which was approved by the Interstate Commerce Commission, and became effective on the 1st of July, 1904, and was of force at the time when the plaintiff was refused passage, to wit, the 13th day of September, 1906. In the said schedule of rates, the distance between Ridgeland, S. C., and Savannah, Georgia, was stated to be thirty-nine miles, and the fare to be one dollar and fifteen cents. Since the approval of said schedule of rates, by the Interstate Commerce Commission, there has been no change either in the distance between Ridgeland and Savannah, or in the amount of the fare. The commission had the right to determine the number of miles, as well as the fare that should be charged. The State Courts are without jurisdiction to determine whether the fare charged for the number of miles traveled was unreasonable. *Texas, etc.,* v. *Abilene Oil Co.,* 204 U. S. 426; *Blitch Co.* v. *R. R.,* 87 S. C. 107, 69 S. E. 16; *Hardaway* v. *R. R., ante* 475.

If the Commission made a mistake, the State Court is without jurisdiction to change the schedule of rates adopted by the Commission. The rate per mile prescribed by the

statutes of South Carolina and Georgia, is inconsistent with the rate approved by the Interstate Commerce Commission, and therefore is ineffectual in this case. In this respect, the case now under consideration, is different from *Blitch Co.* v. *R. R.,* 87 S. C. 107, 69 S. E. 16, and *Hardaway* v. *R. R., Ante* 475.

The exceptions raising this question are overruled.

The exceptions assigning error on the part of his Honor, the presiding Judge, in ruling that there was no testimony tending to show that the plaintiff was entitled to punitive damages, are also overruled.

Judgment affirmed.

*Only* MESSRS. JUSTICES WOODS *and* HYDRICK *participate in this opinion and concur.*